IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FAN-LI ORTEGA for WALDEMAR CABAN,** : | | **CIVIL ACTION** |
| Plaintiff, : | | |
| : | | |
| vs. : | | |
| : | | **NO. 11-3166** |
| **SOCIAL SECURITY ADMINISTRATION,** : | | |
| Defendant. : | | |

# ORDER

**AND NOW**, this 17th day of May, 2012, upon consideration of Defendant's Motion to Dismiss Plaintiff's Complaint (Document No. 6, filed September 16, 2011), and plaintiff's letter/response to the Motion (Document No. 10, filed February 28, 2012), and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated March 22, 2012,[1] (Document No. 11, filed March 22, 2012) and Plaintiff's Answer Opposing Defendants' Motion to Dismiss Complaint (Document No. 14, filed May 16, 2012), treated by the Court as objections to the Report and Recommendation, **IT IS ORDERED** that:

1. The Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated March 22, 2012, is **APPROVED** and **ADOPTED**;

2. Plaintiff's objections to the Report and Recommendation (Document No. 14) are **OVERRULED** for the reasons stated in that part of the Report and Recommendation that addresses equitable tolling; and

3. The defendant's Motion to Dismiss Plaintiff's Complaint (Document No. 6) is

---

[1] A copy of the Report and Recommendation was mailed to pro se plaintiff at the address she provided, 1020 Spring Garden Street, Allentown, Pennsylvania 18102. That was also the return address on the letter from plaintiff dated February 20, 2012, and filed on February 28, 2012 (Document No. 10). The Court notes that the Order dated February 28, 2012, referring the case to Magistrate Judge Thomas J. Rueter for a Report and Recommendation, was sent to that address and returned as unclaimed on March 13, 2012. In the event pro se plaintiff no longer resides at the address she provided, she has failed to comply with Local Civil Rule 5.1(b), which provides that "[a]ny party who appears pro se shall file with the party's appearance or with the party's initial pleading an address where notices and papers can be served. Said party shall notify the Clerk within fourteen (14) days of any change of address."

**GRANTED** and plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.[2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall **MARK** the case **CLOSED**.

**BY THE COURT:**

/s/ Jan E. DuBois

**JAN E. DUBOIS, J.**

---

[2]The dismissal of the action is based on plaintiff's failure to file her appeal of the decision of the Commissioner of Social Security in this Court within the sixty-day limitations period set forth in 28 U.S.C. § 405(g). Because plaintiff brought suit on behalf of Waldemar Caban, a fifteen-year-old, it might be argued that the statute of limitations should be tolled until Waldemar Caban reaches the age of majority. Many states, including Pennsylvania, have adopted such a rule. See, e.g., 42 Pa. Cons. Stat. Ann. § 5533(b)(1) ("If an individual entitled to bring a civil action is an unemancipated minor at the time the cause of action accrues, the period of minority shall not be deemed a portion of the time period within which the action must be commenced."). However, as the Fourth Circuit explained in a case involving an alleged violation of the Emergency Medical Treatment and Active Labor Act,

> Exceptions to the running of a limitations period because of the would-be plaintiff's disability, though common, are nonetheless exceptions. The blackletter rule, recognized by the Supreme Court since at least 1883, is that a statute of limitations runs against all persons, even those under a disability, unless the statute expressly provides otherwise.

Vogel v. Linde, 23 F.3d 78, 80 (4th Cir. 1994) (citing Vance v. Vance, 108 U.S. 514, 521 (1883)). Other cases have similarly held that a statute of limitations runs against a minor or otherwise incapacitated plaintiff where there is no express exception for infancy or disability. See, e.g., Schappacher v. United States, 475 F. Supp. 2d 749, 756 (S.D. Ohio 2007) (Federal Tort Claims Act); Williams v. United States, 228 F.2d 129, 132 (4th Cir. 1955) (Suits in Admiralty Act).

In this case, the limitations period in 42 U.S.C. § 405(g) does not include any exception for disability or infancy. Thus, the Court concludes that the statute of limitations has run against Waldemar Caban and plaintiff's claim must be dismissed with prejudice. See Rodriguez ex rel. J.J.T. v. Astrue, No. 10-9644, 2012 WL 292382, at *2 (S.D.N.Y. Jan. 31, 2012) (dismissing appeal of final decision of Commissioner of Social Security as untimely under § 405(g) where mother brought action on behalf of her minor child).